UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 04-510

JAMES E. FRANCIS,                                                                                      PLAINTIFF,

v.                                            **OPINION AND ORDER**

NAMI RESOURCES COMPANY, LLC,                                                    DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Enforce Gathering and Compression Agreement (DE 238) filed by the Plaintiff, James E. Francis.

After the parties reached a settlement of the claims asserted in this action, the Court entered an Agreed Order of Dismissal. The Court retained jurisdiction, however, to enforce the settlement agreement. Neither party disputes this Court's jurisdiction to resolve the current dispute.

In his motion, Francis asserts that the Defendant, Nami Resources Company, LLC[1], has breached an agreement that the parties executed in settling this matter under the direction of court-appointed Special Master Richard Gottlieb. There is no dispute that the agreement requires Nami to deliver gas from wells owned by Francis to a point where Nami's transportation lines connect with transportation lines owned by third parties. Nor is there any dispute that Francis is required to pay Nami $0.70 per Mcf (1,000 standard cubic feet) of gas to dehydrate, compress, and deliver the gas to the third-party transporter's lines.

The dispute arises over two facts. First, with regard to the wells at issue on this motion -- but not all the wells covered under the agreement -- Nami is not compressing the gas before delivering it

---

[1] In his motion, Francis explains that, during the course of this litigation, Nami transferred ownership of its gathering system to Vinland Energy Gathering LLC and that Francis transferred ownership of his gas wells to LeJASCO Energy, LLC. For the sake of simplicity, the Court has continued to refer to the party responsible for transporting the

to the third-party transportation lines. Nami asserts that no compression of the gas is required to propel the gas from these wells through its pipeline or to push the gas into the third-party's pipelines.

Second, the third party is compressing the gas after it receives it and is charging Francis $0.70 per Mcf of gas for that compression. Nami asserts, however, that gas may have to be compressed at various points from the well through the transportation lines. Thus, while Nami may not have to compress the gas to get it to third parties, the third parties may have to compress the gas as it travels through the third-parties' transportation lines. Nami argues it has no control over what third parties charge Francis for that compression.

Francis argues that, if Nami will not or cannot compress the gas, then it is not entitled to the $0.70 per Mcf. (DE 238-1, p. 3; DE 240 p. 4.) Thus, he appears to argue that, under the agreement, he is not required to pay Nami $0.70 per Mcf for any gas that Nami does not compress. Alternatively, Francis asks the Court to order that Nami -- not Francis -- pay the third party for any compression performed by the third party.

Based on the record before it, the Court is unable to grant the relief requested. As to the first relief, it is not clear that the parties intended that Francis would not have to pay Nami the $0.70 per Mcf if Nami did not have to compress the gas to get it to the third parties. Even assuming that was their intent, then there would seem to be an issue of what, if anything, the parties intended Francis to pay Nami for at least delivering the gas to the third parties. As to the second relief requested -- an order that Nami has to pay the third parties for compressing the gas if Nami does not compress it -- such an order would seem to require evidence that, if Nami had compressed the gas, then no further compression would have been necessary by the third-party transporters.

---

gas as "Nami" and to the party who owns the gas wells as "Francis."

Francis requests that, if the Court is unable to provide the relief he requests on this motion, the Court appoint Special Master Richard Gottlieb to resolve this dispute. Nami agrees that appointment of a Special Master is appropriate for resolution of this dispute if further briefing and/or evidence is required. Accordingly, the Court hereby ORDERS as follows:

1) Within 21 days of the entry date of this Order, the parties SHALL TENDER an Agreed Order on Appointment of Special Master that conforms with Federal Rule of Civil Procedure 53 and appoints Special Master Richard Gottlieb to resolve this dispute; and

2) Francis's Motion to Enforce Gathering and Compression Agreement (DE 238) is DENIED as moot.

Dated this 23rd day of August, 2012.

Signed By:
*Karen K. Caldwell*
United States District Judge

3